UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

CASE NO.: 8:26-cv-109

**DONALD WHIDDEN and MARGARITA WHIDDEN,**

**Plaintiffs,**

v.

**FEDERAL INSURANCE COMPANY,**

**Defendant.**
_____/

## COMPLAINT

COMES NOW, Plaintiffs, **DONALD WHIDDEN and MARGARITA WHIDDEN** (collectively referenced herein as "Plaintiffs"), and hereby sues **FEDERAL INSURANCE COMPANY** (collectively referenced herein as "Defendant"), and alleges as follows:

### PARTIES, JURISDICTION & VENUE

1. Plaintiffs are natural persons and citizens of Florida who, at all material times, owned the insured residence located at **4807 Culbreath Isles Road, Tampa, Florida 33629** ("Insured Property").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 4072, as this action arises under flood insurance regulations issued by the Federal Emergency Management Agency ("FEMA"); the National Flood Insurance Act of 1968, as amended, ("NFIA"), 42 U.S.C. 4001 et seq.: and federal common law.

3. Venue is proper in the Tampa Division of the Middle District of Florida under 28 U.S.C. § 1391(b)(2) because the Insured Property, the insured risk, the loss, and Defendant's breach all occurred or were to occur in Hillsborough County, Florida.

1

4. Defendant is, inter alia, a "Write Your Own" ("WYO") Program Carrier participating in the United States Governmental National Flood Insurance Program ("NFIP") pursuant to the NFIA.

5. Pursuant to 44 C.F.R. § 62.23(d) and 44 C.F.R. § 62.23(i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment, and defense of claims arising under the NFIP.

## GENERAL ALLEGATIONS

6. Defendant issued **Homeowner's Policy No. 001329564601** ("Policy") to Plaintiffs for the policy period **December 14, 2023 – December 14, 2024**.

7. Defendant issued a standard flood insurance policy to the Plaintiff, bearing policy number 0002075232 (the "Insurance Policy").

8. On **October 10, 2024**, **Hurricane Milton** struck Hillsborough County, causing wind and ensuing water damage to the Insured Property (the "Loss").

9. Plaintiffs timely reported the Loss and otherwise complied with all condition's precedent, including allowing Defendant to inspect the property.

10. After inspection, Defendant acknowledged wind-related damage but **refused to participate in appraisal** requested by Plaintiffs and **partially denied or excluded substantial portions of the claim**. See denial letters dated **December 30, 2024,** and **January 3, 2025**.

11. Defendant prepared an estimate reflecting replacement-cost damages exceeding **$155,763.79** and an actual-cash-value net payment of only **$51,176.53**, less deductible, which it tendered to Plaintiffs.

12. The amount paid is **insufficient to restore the property to its pre-loss condition** and is contrary to the Policy's coverage for all-risk direct physical loss, subject only to stated

exclusions.

13. Plaintiffs incurred additional covered damages—including roof replacement, interior repairs, and structural remediation—well more than Defendant's payment.

**14.** Defendant's refusal to pay the full amount due and to participate in appraisal constitutes a material **breach of the Policy.**

## COUNT I
## BREACH OF CONTRACT

15. Plaintiffs adopt paragraphs 1–12.

16. The Policy is a valid, binding contract supported by consideration.

17. Plaintiffs performed all obligations or were excused from performance.

18. Defendant breached the Policy by, inter alia:

    a. Failing to fully indemnify Plaintiffs for covered Hurricane Milton damages;

    b. Misapplying exclusions not applicable to the Loss; and

    c. Refusing to engage in the Policy's appraisal process after written demand.

19. As a direct and proximate result, Plaintiffs have suffered damages **exceeding $75,000**, including restoration costs, statutory interest, and other consequential losses.

20. Defendant's failure to duly perform constitutes a material breach of the Policy, and Plaintiff has suffered and will continue to suffer direct, actual, and/or consequential damages as a result.

21. Due to its breaches of contract, including its failure to pay Plaintiff for covered losses, Defendant is liable to and owes Plaintiff for all costs associated with recovering, repairing, and/or replacing the covered property per the Insurance Policy, together with interest and all other damages

Plaintiff may prove as allowed by law.

## JURY TRIAL DEMANDED

25. Plaintiff hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiffs respectfully demands a jury trial on all triable issues and that this Court enters judgment in Plaintiff' favor for all such amounts Plaintiff proves at trial against Defendant, for expenses, pre-judgment interest, and post-judgment interest, as provided by law, and for all other relief this Court may deem just and proper.

**Alan M. Blose, Esq.**

 AMB LAW, LLC.

515 E Las Olas Boulevard, Suite 120
Fort Lauderdale, Florida 33301
Phone: (954) 335-8118
Fax: (954) 335-8119
Email: ablose@amb-legal.com
          caryn@amb-legal.com